IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BLANCHE MARIE STROY,

    Plaintiff,

v.      No. 1:24-cv-00043-KK

SOCIAL SECURITY ADMINISTRATION,
DIRECT EXPRESS,
DEPARTMENT OF TREASURY and
BUREAU OF FISCAL (EMERGENCY CHECKS) [sic],

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS***
**AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 11, 2024 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 11, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months includes "food stamps;" (ii) Plaintiff received "around 3$ hundred this month (SSI) Social Security owes me 1,000$ more" [sic]; (iii) Plaintiff has no cash and no money in bank accounts; (iv) Plaintiff's monthly expenses total $0.00; and (v) Plaintiff has a "mental sickness," "can't work" and is homeless. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and because of her low income.

**The Complaint**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff alleges:

> Direct Express froze then locked my debit card (that's I couldn't get my money out of the ATM machines they turn it off then didn't turn it back on. I also had to get a new debit card I had on it at the time 250$ left on it they owe me I got Oct and Nov checks together then late on Nov 23, 2023 on my debit card July, 23 I got an emergency check from the Treasury dept and also Aug, 23 from the Treasury dept.

> This month they sent me a check for over 3$ hundred dollars they owe me a 1,000 more
>
> Direct Express lied and said I told them I wanted the paper checks and not use my debit card the treasury dept said it's the law I have too have my funds on my debit card I tried too get a bank accounts but one was identity theift another turned on a past account that I didn't want when it was suppose too be a new account at Wells Fargo
> . . . .
>
> Social Security lied and said I got two checks when I was in California Los Angeles . . . Social Security (Administration) lied and said I got an overpayment when I was in Los Angeles CA It was because of Covid-19 we get more money

[sic] Complaint at 2-4.

The Complaint fails to state a claim pursuant to Section 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no factual allegations showing that Defendants were acting under color of state law.

The Complaint fails to state a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).  A "*Bivens* claim can be brought only against federal officials in their individual capacities.  *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."  *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009); *see also Egbert v. Boule,* 596 U.S. 482, 491-93 (2022) (Recognizing that *Bivens* applies in limited cases and stating that "recognizing a cause of action under *Bivens* is a disfavored judicial activity," setting forth a two-step analysis to determine whether courts should provide a damages remedy pursuant to *Bivens* and stating "our cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure.").  The Complaint does not assert claims against federal officials in their individual capacities.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint. If Plaintiff files an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure*

and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 11, 2024, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**