IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BLANCHE MARIE STROY,

      Plaintiff,

v.                                                                                                         No. 1:24-cv-00043-JCH-KK

SOCIAL SECURITY ADMINISTRATION and
DIRECT EXPRESS,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed January 11, 2024 ("Complaint"). Plaintiff alleged:

> Direct Express froze then locked my debit card (that's I couldn't get my money out of the ATM machines they turn it off then didn't turn it back on.  I also had to get a new debit card I had on it at the time 250$ left on it they owe me I got Oct and Nov checks together then late on Nov 23, 2023 on my debit card July, 23 I got an emergency check from the Treasury dept and also Aug, 23 from the Treasury dept.
>
> This month they sent me a check for over 3$ hundred dollars they owe me a 1,000 more
>
> Direct Express lied and said I told them I wanted the paper checks and not use my debit card the treasury dept said it's the law I have too have my funds on my debit card I tried too get a bank accounts but one was identity theift another turned on a past account that I didn't want when it was suppose too be a new account at Wells Fargo
> . . . .
>
> Social Security lied and said I got two checks when I was in California Los Angeles . . . Social Security (Administration) lied and said I got an overpayment when I was in Los Angeles CA It was because of Covid-19 we get more money

[sic] Complaint at 2-4.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that:

> The Complaint fails to state a claim pursuant to Section 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no factual allegations showing that Defendants were acting under color of state law.
>
> The Complaint fails to state a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions). A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009); *see also Egbert v. Boule,* 596 U.S. 482, 491-93 (2022) (Recognizing that *Bivens* applies in limited cases and stating that "recognizing a cause of action under *Bivens* is a disfavored judicial activity," setting forth a two-step analysis to determine whether courts should provide a damages remedy pursuant to *Bivens* and stating "our cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure."). The Complaint does not assert claims against federal officials in their individual capacities.

Order for Amended Complaint at 3, Doc. 5, filed January 17, 2024. Judge Khalsa ordered Plaintiff to file an amended complaint.

The Amended Complaint is very similar to the original Complaint in that it alleges similar facts and names the Social Security Administration and Direct Express as Defendants. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 7, filed January 29, 2024 ("Amended Complaint").

The Court dismisses this case for failure to state a claim upon which relief can be granted. The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because Defendants are not state actors. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law" ). The Amended Complaint fails to state a claim pursuant to *Bivens* because it only asserts claims against the Social Security Administration and Direct Express, and does not assert claims against federal officials in their individual capacities.

*See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (a "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies"). The Amended Complaint does not identify any other statutory or constitutional provisions under which Plaintiff's claims arise. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE